Sally A. Estill, etc., v. John R. Blackwell.

**Vendor and Purchaser—Vendor's Lien—Plea of Coverture.**
> In an action to enforce a vendor's lien against land purchased by a married woman, the plea of coverture cannot avail anything.

**Vendor and Purchaser—Vendor's Lien—Married Woman.**
> Where, in an action to enforce a vendor's lien on land held by a married woman, it was not sought to subject her land to the judgment for the purchase-price, such question cannot be raised for the first time on appeal to the Court of Appeals.

**Interest—Rate.**
> In an action to enforce a vendor's lien, it was held that interest may be allowed at the rate of eight per cent per annum.

APPEAL FROM MADISON CIRCUIT COURT.

June 20, 1873.

Opinion by Judge Lindsay:

The notes sued on were signed by Mrs. Estill, and her signatures thereto are admitted to be genuine. They recite that they are executed in "payment for the forty-seven and one-quarter acres and ten poles of land in Richmond, Ky., this day conveyed by said Blackwell and wife to Sallie Ann Estill. A lien is hereby retained upon the land in the deed aforesaid to secure the payment of these notes."

There is no pretense that Mrs. Estill was induced to sign these notes by fraud, or that she was mistaken as to the facts recited in them. It must be assumed that she knew that the property was that day conveyed to her, and that in the conveyance a lien was reserved to secure the payment of the notes. Knowing this fact, and executing the notes in performance of the contract evidenced by them, and by the deed to which they refer, the presumption is conclusive that she then and there accepted such deed.

The deed having been accepted, appellee can have his lien enforced, without a judgment *in personam* so far as Mrs. Estill is concerned, hence her plea of coverture can not avail.

This case differs from that of *Harcourt v. Baxter* in this, that in the last-named case, the contract of sale was executory, and the court was asked not only to subject the realty purchased to the pay-

ment of the unpaid balance of the purchase money, but to compel the *feme covert* purchaser to complete the contract by accepting a conveyance. The court having no power to do this was compelled to rescind the partly executed contract and (as nearly as practicable) to place the parties in *statu quo*.

No such relief is asked against Mrs. Estill, and it is too late now, in view of the repeated adjudications of this court to raise the question as to the power of courts of equity to subject to the judgment of the purchase price, realty held by married women.

In view of the principle enunciated in the case of *Tousey v. Robinson*, 1 Metcalfe 663, we incline to the opinion that it was not error to allow interest at the rate of 8 per centum per annum. The contract to pay interest at that rate was part and parcel of the contract of sale, and the agreement was not made in consideration of the loan or forbearance of money or other thing.

The apparent hardships resulting from the enforcement by Blackwell of his legal rights are matters this court can not consider. Perceiving no error prejudicial to the substantial legal rights of appellants, the judgment must be *affirmed*.

*Caperton, Smith, Burnham, for appellant.*

*McChesney, for appellee.*